**Electronically Filed
Supreme Court
SCWC-13-0000410
23-FEB-2016
08:24 AM**

SCWC-13-0000410

IN THE SUPREME COURT OF THE STATE OF HAWAI‘I

---

STATE OF HAWAI‘I,
Respondent/Plaintiff-Appellee,

vs.

ELIAS A.M. PARKER,
Petitioner/Defendant-Appellant.

---

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-13-0000410; CASE NO. 1DTA-11-04895)

SUMMARY DISPOSITION ORDER
(By: McKenna, Pollack, and Wilson, JJ.,
with Wilson, J., concurring separately,
and Nakayama, J., dissenting, with whom Recktenwald, C.J., joins)

Petitioner/Defendant-Appellant Elias A.M. Parker seeks review of the Intermediate Court of Appeals' ("ICA") September 2, 2014 Judgment on Appeal, entered pursuant to its May 28, 2014 Summary Disposition Order, which affirmed the District Court of the First Circuit's ("district court") March 19, 2013 Judgment of Guilty Conviction and Sentence ("district court judgment").[1] The district court found Parker guilty of Operating a Vehicle

---

[1] The Honorable Michael A. Marr presided.

Under the Influence of an Intoxicant ("OVUII"), in violation of Hawai'i Revised Statutes ("HRS") § 291E-61(a)(3) (Supp. 2010).[2] We accepted Parker's Application for Writ of Certiorari, and we now vacate the ICA's Judgment on Appeal and the district court judgment and remand the case to the district court for further proceedings.

After being arrested for OVUII, Parker was taken to the police station, where he was read an implied consent form.[3] Parker elected to take a breath test, which resulted in a breath alcohol content reading of 0.162 grams of alcohol per 210 liters

---

[2]     HRS § 291E-61(a)(3) (Supp. 2010) provides in relevant part:

A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle: . . . [w]ith .08 or more grams of alcohol per two hundred ten liters of breath. . . .

[3]     The form read in relevant part:

1. ___   Any person who operates a vehicle upon a public way, street, road, or highway or on or in the waters of the State shall be deemed to have given consent to a test or tests for the purpose of determining alcohol concentration or drug content of the persons [sic] breath, blood or urine as applicable.

2. ___   You are not entitled to an attorney before you submit to any tests [sic] or tests to determine your alcohol and/or drug content.

3. ___   You may refuse to submit to a breath or blood test, or both for the purpose of determining alcohol concentration and/or blood or urine test, or both for the purpose of determining drug content, none shall be given [sic], except as provided in section 291E-21. However, if you refuse to submit to a breath, blood, or urine test, you shall be subject to up to thirty days imprisonment and/or fine up to $1,000 or the sanctions of 291E-65, if applicable. In addition, you shall also be subject to the procedures and sanctions under chapter 291E, part III.

2

of breath.  Parker filed a motion to suppress the breath test results, arguing that he did not knowingly or voluntarily consent to breath or blood testing.  The district court denied the motion.  The ICA affirmed the district court's denial of this motion to suppress.  On certiorari, Parker contends, inter alia, that he did not constitutionally consent to the breath test because "[t]elling someone that [he or she] must consent to a 4th Amendment search or face 30 days in jail simply is not consent under the 4th Amendment."

In State v. Won, 136 Hawai'i 292, 312, 361 P.3d 1195, 1215 (2015), we held that "coercion engendered by the Implied Consent Form runs afoul of the constitutional mandate that waiver of a constitutional right may only be the result of a free and unconstrained choice," and, thus, a defendant's decision to submit to testing after being read the implied consent form "is invalid as a waiver of his right not to be searched."  In accordance with State v. Won, the result of Parker's breath test was the product of a warrantless search, and the ICA erred by concluding that the district court properly denied Parker's motion to suppress the breath test result. Accordingly, Parker's OVUII conviction cannot stand.

IT IS HEREBY ORDERED that the ICA's September 2, 2014 Judgment on Appeal and the district court judgment are vacated, and the case is remanded to the district court for further

proceedings consistent with this court's opinion in <u>State v. Won</u>.

DATED:  Honolulu, Hawai'i, February 23, 2016.

| | |
|---|---|
| Jonathan Burge<br>for petitioner | /s/ Sabrina S. McKenna |
| | /s/ Richard W. Pollack |
| Brian R. Vincent<br>for respondent | /s/ Michael D. Wilson |
| | |
| Robert Nakatsuji<br>for *amicus curiae*<br>Attorney General of<br>the State of Hawai'i | |

